IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ARTURO RAMIREZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3113 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

The Motion to Dismiss [d/e 7], filed by Respondent United States of America, is allowed for the following reasons.

### I.

Petitioner Arturo Ramirez, Jr. filed a Motion to Vacate, Set Aside or Correct Sentence [d/e 1] on April 28, 2011, pursuant to 28 U.S.C. § 2255. In the Motion [d/e 1] and in an Additional Grounds [d/e 2] document, the Petitioner raised the following claims: (1) ineffective assistance of counsel, (2) perjury by a witness regarding a gap in videotape of traffic stop, and (3) the destruction of Illinois State Police

1

cruiser involved in traffic stop, eliminating any opportunity to challenge functionality of video recording equipment. The Petitioner included a series of exhibits, located at Docket Entry 1-1, consisting of excerpts of the transcript of the suppression hearing held on January 28, 2009, in Case No. 07-cr-30022.[1]

On June 15, 2011, Respondent United States filed a Motion to Dismiss Petitioner's Motion [d/e 7]. The Government argued that the Petitioner waived his rights to collaterally attack his sentence in his plea agreement with the Government. *See* Motion to Dismiss [d/e 7]. The Government cited authority from the U.S. Court of Appeals for the Seventh Circuit regarding the enforceability of collateral attack waivers. *See id.*

In the plea agreement in his criminal case, the Petitioner waived his right to appeal the conviction and sentence, and the right to collaterally attack the conviction or sentence. *See* Plea Agreement [d/e 84], ¶¶ 10-11, in Case No. 07-cr-30022. The collateral attack waiver states the following:

---

[1] The full transcript is located at Docket Entry 80 in Case No. 07-cr-30022.

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Plea Agreement [d/e 84], ¶ 11, in Case No. 07-cr-30022.

The Court has extended the deadline for the Petitioner to respond to the Government's Motion to Dismiss. *See* Text Order of September

29, 2011. However, the Petitioner has failed to timely respond to the Government's Motion.

II.

The U.S. Court of Appeals for the Seventh Circuit has repeatedly held that a proper waiver of the right to collaterally attack a sentence under 28 U.S.C. § 2255 will be enforced. *See Roberts v. United States*, 429 F.3d 723, 724 (7th Cir. 2005) (dismissing a § 2255 appeal on the basis of waiver while noting that the court has "never been reluctant to hold criminal defendants to their promises"); *Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable"); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000).

There are only two exceptions to the enforceability of such a waiver: (1) if it was involuntary, or (2) if there is a claim of ineffective assistance of counsel in connection with the negotiation of the waiver. *See Mason*, 211 F.3d at 1069.

Any claim must tie directly to the negotiation of the waiver, not merely to the plea agreement generally, or to the decision to plead guilty.

*See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

After carefully reviewing the record in the Petitioner's criminal case, the Court concludes that there is no legitimate reason to suspect that the Petitioner's waiver of his collateral attack rights was either involuntary or the result of ineffective assistance of counsel.

In the plea agreement, the Petitioner stated that he was entering into the plea agreement voluntarily and that he was satisfied with the legal services provided by counsel. *See* Plea Agreement [d/e 84], ¶¶ 12, 25, in Case No. 07-cr-30022.

In the Change of Plea Hearing before U.S. Magistrate Judge Byron G. Cudmore, the Petitioner confirmed that he was voluntarily entering into the plea agreement, and that he was knowingly and voluntarily waiving his appeal and collateral attack rights. *See* Transcript of Change of Plea Hearing [d/e 89], pages 8-9, 20-21, in Case No. 07-cr-30022.

Finally, the Court takes special note that the U.S. Court of Appeals for the Seventh Circuit dismissed the Petitioner's appeal because of the waiver of appellate rights contained in the plea agreement. *See United States v. Ramirez*, 389 Fed. App'x 535, 537 (7th Cir. 2010). The Court of Appeals affirmed this Court's denial of the Petitioner's motion to withdraw his guilty plea. *See id.* at 536-37.

In light of the foregoing, and in the absence of any response to the Government's Motion to Dismiss, the Court concludes that dismissal is warranted.

III.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quotation marks omitted).

Reasonable jurists would not dispute that this action is barred by the waiver contained in the plea agreement. Accordingly, the Court will not issue a certificate of appealability. If the Petitioner wishes to appeal this Court's ruling, he must seek a certificate of appealabilty from the Court of Appeals under Federal Rule of Appellate Procedure 22.

IV.

*Ergo*, the Government's Motion to Dismiss [d/e 7] is ALLOWED. The Petitioner's Motion to Vacate, Set Aside or Correct Sentence [d/e 1] is DISMISSED.

The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

ENTER: February 22, 2012

FOR THE COURT:      */s/ Richard Mills*
                                                Richard Mills
                                   United States District Judge